Michael E. Ritch appeals his conviction for driving under the influence ("DUI"), a violation of R.C. 4511.19(A)(1). For the reasons that follow we affirm appellant's conviction.
Appellant was arrested for DUI and submitted to a breathalyzer test, which revealed that he had a concentration of 0.208 grams of alcohol per two hundred ten (210) liters of breath. Appellant filed a motion for occupational driving privileges that was denied because he was not yet eligible for those privileges. Once he became eligible, he again filed for occupational driving privileges, but that motion was denied. Appellant asserts that the trial court denied his motion on the basis of a policy of the trial court that a person accused of DUI could only receive occupational driving privileges once the accused pled or was found guilty and paid the fines and court costs imposed by the trial court.
After appellant pled no contest, he was granted occupational driving privileges that were later revoked because he violated their terms. The execution of his sentence was stayed when he appealed his conviction. We reversed his conviction in State v.Ritch (May 11, 1998), Scioto App. No. 97CA2491, unreported and remanded the case for appellant to plead anew. On remand, he again pled no contest and was found guilty.
We address appellant's assignments of error out of order for the sake of clarity.
I.
 The Trial Court erred by failing to terminate the Administrative License Suspension ("ALS") which continued coextensively with the Court-imposed suspension and thus became punishment violating Defendant's Constitutional right not to be placed twice in jeopardy.
In his second assignment of error, appellant argues that the trial court should have terminated his ALS when it sentenced him for DUI. We agree, see State v. Gustafson (1996), 76 Ohio St.3d 425, but do not conclude, as appellant does, that the trial court's error should result in a discharge of the remainder of appellant's sentence. In State v. Reynolds (June 20, 1997), Washington App. No. 96CA19, unreported, when faced with the same issue, we stated:
 In Gustafson, the court dealt with some cases in which the ALS had not been suspended at the time sentence was imposed. In those cases, the court affirmed the conviction but remanded the case to the trial court with instructions "that the trial court issue an order to [the Bureau of Motor Vehicles] to terminate their respective ALSs, retroactive to the date of sentencing on the DUI convictions." 76 Ohio St. 3
at 444. Several appellate courts have adopted that disposition when defendants pled no contest in the trial court to the R.C. 4511.19 charge. See State v. Starling (Feb. 19, 1997), Wayne App. No. 96CA32, unreported; State v. Windsor (Dec. 23, 1996), Delaware App. No. 95CAC-05-029, unreported. We believe that such a disposition is appropriate in the instant case.
We thus affirm the trial court's judgment with respect to the DUI conviction, but we remand this case to the trial court with instructions to terminate appellant's administrative license suspension retroactive to the date the court imposed sentence for his DUI conviction. Appellant's second assignment of error is sustained in limited part.
II.
 The Trial Court erred by denying the Defendant a hearing or other consideration of Defendant's Motion for Occupational Driving Privileges when the Defendant was statutorily eligible for such a hearing and was legally entitled to such privileges.
In his first assignment of error, appellant argues that the trial court abused its discretion by not granting him occupational driving privileges. He also asserts that this denial of occupational driving privileges was punishment.
Appellant asserts that the trial court had a policy of denying occupational driving privileges until an offender (1) either pled guilty or was found guilty; and (2) had paid all of the fines and costs. If the trial court has such a policy it would be an abuse of discretion because a refusal to exercise discretion is an abuse of discretion. See State v. Hesson (Mar. 20, 1986), Washington App. No. 85CA13, unreported (announced policy of a court to deny occupational driving privileges for all defendants charged with DUI who refused to submit to a breathalyzer test was an evasion of the court's statutory duty to decide petitions for occupational driving privileges on reasonable grounds and on individualized facts). While the trial court may have abused its discretion if the alleged policy did exist, the issue is moot given our resolution of appellant's second assignment of error and the fact that appellant was ultimately granted occupational driving privileges. We overrule appellant's first assignment of error.
III.
 The Trial Court erred, on remand, by again punishing the Defendant with another license suspension in violation of the double jeopardy clauses.
The ALS imposed upon appellant was not punishment for double jeopardy purposes. See Gustafson, supra. Thus the trial court was free to impose a punishment upon appellant after his conviction, including a court-imposed license suspension. We overrule his third assignment of error.
In sum, we have overruled appellant's first and third assignments of error; however, we have sustained his second assignment of error in limited part and remand this case for further proceedings regarding the ALS.
JUDGMENT AFFIRMED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED AND THE CAUSE BE REMANDED in limited part and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Portsmouth Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. and Abele, J.: Concur in Judgment and Opinion.
For the Court
 BY: ________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.